812 F.2d 1408
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
J. Jerome PREVATTE and Waco Financial, Inc. Petitioners,
v.
SECURITIES AND EXCHANGE COMMISSION, Respondent.
 No. 85-3355.
 United States Court of Appeals, Sixth Circuit.
 Jan. 16, 1987.
 
 Before KRUPANSKY and RYAN, Circuit Judges; and HULL, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 In this appeal, Prevatte is seeking review of a letter that he received from the SEC declining to take action against the National Association of Security Dealers (NASD). We are of the opinion that this letter is not a "final order" within the meaning of 15 U.S.C. Sec. 78(y) which governs review of SEC orders. Since Prevatte has improperly invoked the jurisdiction of this Court, we are dismissing his appeal.
 
 
 2
 Prevatte is the president of WACO Financial, Inc., a securities broker-dealer that became a member of NASD, a self-regulatory organization, in 1978. In 1981, as a result of sanctions entered on the disposition of three complaints filed with NASD, WACO was expelled from membership and Prevatte was barred from associating with any NASD member. There were two additional complaints pending, but in light of sanctions already imposed, NASD determined that no purpose would be served by further action on these complaints. Consequently, the complaints were withdrawn. Prevatte was sent written notice of this action.
 
 
 3
 Prevatte brought suit in federal district court to compel NASD to issue a written explanation for the withdrawals. The district court dismissed the action for failure to exhaust administrative remedies. This Court affirmed.
 
 
 4
 Thereafter, Prevatte filed a motion with the SEC demanding that action be taken against NASD. In a letter to Prevatte, the SEC indicated that because NASD is not prohibited from withdrawing complaints prior to determining their validity, and because a withdrawal is not tantamount to a dismissal on the merits, a written explanation is not required. The SEC declined to take action.
 
 
 5
 15 U.S.C. Sec. 78(y) provides, in pertinent part:
 
 
 6
 "(a)(1) A person aggrieved by a final order of the Commission entered pursuant to this chapter may obtain review of the order in the United States Court of Appeals for the circuit in which he resides...."
 
 
 7
 Although it is not necessary for agency action to reach complete development, generally, final orders require formal agency action. Abbott Laboratories v. Gardner, 387 U.S. 136, 150-51 (1967).
 
 
 8
 In Kixmiller v. SEC, 492 F.2d 641, 643 (D.C.Cir.1974), Sec. 78(y) was interpreted to exclude a "letter opinion" in which the SEC stated that it would not take enforcement action and expressed the reasons for this decision. The petitioner had requested that certain proposals be considered at the company's annual stockholders' meeting. The company informed the Commission's Division of Corporate Finance of its decision to omit petitioner's proposals and sought confirmation that the SEC would not take action. The Division issued a "no action" letter. When petitioner requested review of the Division's "ruling," the SEC declined to review the company's position. Emphasizing the distinction between SEC affirmance of staff decisions and declination of review, the court noted that "the Commission had made no order on the merits of petitioner's claim." Id. at 644-45. The court concluded that the SEC's letter was not a final order for purposes of review and dismissed the appeal.
 
 
 9
 In the present case, by affidavit, district counsel for NASD stated that there had been no determination on the merits of the complaints in question. All that Prevatte requests, therefore, is a written explanation for the decision to withdraw the complaints. In a letter similar to the one in Kixmiller, the SEC stated that it was unnecessary to take action in this case. This decision does not rise to the level of an affirmance of NASD's refusal to issue a written explanation. Nor is the SEC's letter a final order for purposes of review.
 
 
 10
 The appeal is dismissed.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief Judge of the United States District Court for the Eastern District of Tennessee, sitting by designation